

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 31, 1963

Honorable G. F. Steger
County Attorney
Colorado County
Columbus, Texas

Opinion No. C-168

Re: Whether a contract for the
sale of gravel and other
road material by a County
Clerk, in his individual
capacity, to a contractor
for use in the construction
of a public highway, financed
solely with state and federal
funds, is invalid and related

Dear Mr. Steger:                    questions.

This office is in receipt of your request for an
opinion on the following questions:

"1. Is a contract for the sale of gravel
and other road material by a county clerk, in
his individual capacity, to a contractor for
use in the construction of a public highway,
financed solely with state and federal funds,
invalid?

"2. Would such sale amount to 'official
misconduct' within the meaning of Article 5,
Section 24 of the Constitution, and Articles
5970, 5973 and related articles of the Revised
Civil Statutes?

"3. Would the sale of material by a land-
owner, who happens to be a County Clerk, under
such a contract amount to a violation of Article
373 of the Penal Code?"

Article V, Section 24 of the Texas Constitution provides:

"County Judges, county attorneys, clerks of the District and County Courts, . . . ., may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

Article 5970 of Vernon's Civil Statutes reads, in part, as follows:

"All district and county attorneys, county judges, commissioners, clerks of the district and county courts and single clerks in counties where one clerk discharges the duties of district and county clerk, county treasurer, sheriff, county surveyor, assessor, collector, constable, cattle and hide inspector, justice of the peace and all county officers now or hereafter existing by authority either of the Constitution or laws, may be removed from office by the judge of the district court for incompetency, official misconduct . . . ."

Article 5973 of Vernon's Civil Statutes reads as follows:

"By 'official misconduct,' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the law; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law."

Article 373 of Vernon's Penal Code reads as follows:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge,

road, street, alley or house, or any other
work undertaken by such county, city or
town, or shall become interested in any
bid or proposal for such work or in the
purchase or sale of anything made for or on
account of such county, city or town, or
who shall contract for or receive any money
or property, or the representative of either,
or any emolument or advantage whatsoever in
consideration of such bid, proposal, contract,
purchase or sale, he shall be fined not less
than fifty nor more than five hundred dollars."

The sale of road material by a person does not
in and of itself constitute a wrong. The above questions
arise only for the reason that the person making the sale
is a county official.

There is no constitutional or statutory prohibition
which would render invalid a contract between a County
Clerk, acting in his individual capacity, for the sale of
material to either the State of Texas or the federal
government.

The contract for sale of material in question is
not a "contract made by such county, city or town, through
its agents, or otherwise, for the construction or repair
of any bridge, road, street, alley or house, or any other
work undertaken by such county -", under the provisions
of Article 373 of the Penal Code. Under the facts stated
the contract under consideration is not one in which the
county is involved or is not made by or on behalf of the
county.

Under the facts submitted the sale of road
building material by a County Clerk is not such an act
as would be construed as "official misconduct" within
the meaning of Article 5, Section 24 of the Constitution
or Articles 5970 or 5973 of Vernon's Civil Statutes.

## SUMMARY

A contract for the sale of gravel by a
County Clerk, in his individual capacity,
to a contractor for use in construction
of a public highway, financed solely with
state and federal funds is valid, and is
not such a sale that would amount to

"official misconduct" within the
meaning of Article 5, Section 24
of the Constitution, or Articles
5970 and 5973 of Vernon's Civil
Statutes, and is not a violation
of Article 373 of the Penal Code.

Yours very truly,

WAGGONER CARR
Attorney General

By Bill Morse, Jr.
Assistant

BMjr:sj

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
James Stofer
Edward R. Moffett

APPROVED FOR THE ATTORNEY GENERAL

By:  Stanton Stone